# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATE OF AMERICA | |
| v. | CAUSE NO.: 2:01-CR-36-TLS |
| LASHAWN YOUNG | |

## OPINION AND ORDER

This matter is before the Court on a Joint Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act and Amended Sentencing Guidelines [ECF No. 45]. In that Motion, the Defendant and the Government agree that the Fair Sentencing Act's modified penalty provision for supervised release would have applied to Defendant LaShawn Young's crack-cocaine conviction had the Act been in effect at the time of his sentencing. Additionally, Amendment 782 to the Sentencing Guidelines reduces the Defendant's advisory guideline range. The Joint Motion requests that the Court reduce the Defendant's sentence to 237 months and 3 years of supervised release.

## BACKGROUND

The Defendant is serving a term of imprisonment on his conviction for distributing cocaine base, a violation of 21 U.S.C. § 841(a)(1). Based on the amount of crack cocaine, 1.5 kilograms, the statutory maximum term of imprisonment was 20 years. Thus, although the Defendant's guideline range was 360 months to life, he was sentenced to the statutory maximum of 240 months. Amendment 782, which reduced the offense level for drug trafficking offenses, has the effect of lowing the Defendant's guideline range to 235 months at the low end. The high end is still the statutory maximum, which has not changed. However, the Defendant is subject to a different penalty provision for his term of supervised release, with the minimum term being

reduced from 4 years to 3 years. The Defendant requests, through the Joint Motion, that the Defendant's sentence be reduced to 237 months imprisonment and 3 years of supervised release. The parties agree that all other conditions of supervision shall remain the same.

## DISCUSSION

Courts have limited grounds to modify a term of imprisonment once it is imposed. *See* 18 U.S.C. § 3582(c). Once such scenario exists

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2); *see also United States v. Stevenson*, 749 F.3d 667, 669 (7th Cir. 2014) (noting that a court may reduce a sentence under § 3582(c)(2) "if (1) the original sentence was 'based on' a subsequently lowered sentencing range and (2) the reduction is consistent with the policy statements issued by the Commission").

The First Step Act permits a court that imposed a sentence for a "covered offense" to now "impose a reduced sentence as if sections 2 . . . of the Fair Sentence Act of 2010" were in effect at the time the "covered offense" was committed. First Step Act, § 404 (b). A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 . . . of the Fair Sentencing Act," that was committed before August 3, 2010.

The parties agree that the Defendant meets the criteria to be eligible for reduction under § 3582(c) based on the Amendment 782, and under Section 404 of the First Step Act. The Addendum provided by the U.S. Probation Office does not identify any public safety factors that would adversely impact the Court's decision. The Court has considered the Defendant's offense

of conviction, the kinds of sentences available, the Defendant's sanctioned disciplinary incidents since incarceration, and other post sentencing conduct. Having now considered the Joint Motion, and the sentencing factors of § 3553(a), the Court will reduce the Defendant's sentence to 237 months, with 3 years of supervised release to follow.

## CONCLUSION

Based on the above, the Court hereby ORDERS that:

1. The Joint Motion [ECF No. 45] is GRANTED;

2. An amended judgment be entered reducing the Defendant's sentence to 237 months, with 3 years of supervised release;

3. The provisions of the Defendant's judgment of January 24, 2002, shall otherwise remain unchanged;

4. The effective date of this Order shall be stayed for 10 days from the date of entry to allow, if necessary, the processing of the Defendant's release and to permit the Probation Officer to approve a reentry plan; and

5. This Opinion and Order be provided to the Bureau of Prisons.

SO ORDERED on April 11, 2019.

       s/ Theresa L. Springmann
       CHIEF JUDGE THERESA L. SPRINGMANN
       UNITED STATES DISTRICT COURT